**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



―――――――――――――――――――――――――――――――――――――――――――

Federal Building and United States Post Office         Telephone: (605) 945-4490
225 South Pierre Street, Room 211                              Fax: (605) 945-4491
Pierre, South Dakota 57501-2463


October 15, 2007


John H. Mairose, Esq.
Attorney for Plaintiffs
2640 Jackson Boulevard, #3
Rapid City, South Dakota 57702

Chris J. Baumann, Esq.
Attorney for Debtors-Defendants
Post Office Box 555
Spearfish, South Dakota 57783

      Subject:    ***Phillip Wetzel, et al. v. Gary D. O'Dell, et al. (In re O'Dell)***
                      Adv. No. 07-5016; Chapter 7; Bankr. No. 07-50170

Dear Counsel:

      The matter before the Court is Debtors-Defendants Gary D. O'Dell and La Vonne L. O'Dell's Motion for Judgment on the Pleadings. This is a core proceeding under 28 U.S.C. § 157(b)(2). As discussed below, the O'Dells' motion will be denied.

      **Summary.** On June 21, 2007, Gary D. O'Dell and La Vonne L. O'Dell ("O'Dells") filed a petition for relief under chapter 7 of the bankruptcy code. On their schedule F, they listed Phil and Vicky Wetzel as unsecured creditors holding a claim for $200,919.82.

      On September 11, 2007, Phillip Wetzel and Vicky Wetzel ("Wetzels") filed an adversary complaint against the O'Dells, which they amended on September 12, 2007. By their amended complaint, the Wetzels seek a determination that their claim against the O'Dells is nondischargeable under 11 U.S.C. § 523(a)[1] and a further

―――――――――――――――

     [1] The Wetzels did not specify the subparagraph of § 523(a) under which they are seeking relief. However, given the nature of their allegations, it appears they are relying on § 523(a)(2)(A), which excepts from discharge certain debts for money,

Re: *Wetzel v. O'Dell*
October 15, 2007
Page 2

determination that the O'Dells are not entitled to a discharge under 11 U.S.C. § 727(a)(2).[2]

On October 11, 2007, the O'Dells filed an answer to the Wetzels' complaint.[3] In their answer, the O'Dells admitted this is a core proceeding, they filed a chapter 7 petition on June 21, 2007, and the Wetzels have a judgment against them for $200,919.82. They denied the balance of the Wetzels' amended complaint.

On October 15, 2007, the O'Dells filed a motion for judgment on the pleadings. The body of their motion was identical to their answer. The O'Dells did not support their motion with a brief or otherwise explain how they were entitled to a judgment on the pleadings. Consequently, the Court elected not to require the Wetzels to respond to the O'Dells' motion before the Court ruled on it.

**Discussion.** In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron*, 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

---

property, services, or credit, to the extent obtained by actual fraud.

[2] Pursuant to § 727(a)(2), the Court may not grant the debtor a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate . . . has transferred, removed, destroyed, mutilated, or concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

[3] The O'Dells' answer was captioned "Answer to Complaint and Motion for Judgment on the Pleadings." On October 12, 2007, the Bankruptcy Clerk's office reminded the O'Dells' attorney's office of LBR 7007-1(a), pursuant to which the O'Dells' motion needed to be filed separately from their answer before it would be considered by the Court.

Re:  *Wetzel v. O'Dell*
October 15, 2007
Page 3


  A review of the pleadings in this case quickly reveals the Court cannot grant the O'Dells' motion.  In Count I of their amended complaint, the Wetzels alleged their state court judgment against the O'Dells sounded in fraud.  In Count II of their amended complaint, they alleged the O'Dells made materially false statements in their schedules and their statement of financial affairs, failed to schedule "substantial personal property assets" on schedule B, transferred and failed to disclose the transfer of a "significant asset" in their statement of financial affairs, and made "additional false statements."  If those allegations are true – and the Court must accept them as true for the purposes of the O'Dells' motion – the Wetzels would be entitled to both a judgment excepting their debt from discharge under § 523(a)(2)(A) and a judgment denying the O'Dells a discharge under § 727(a)(2).  Thus, the O'Dells cannot prevail on their motion.

  The Court will enter an order denying the O'Dells' motion and a separate order scheduling a pre-trial conference herein.

            Sincerely,

            *[signature]*

            Charles L. Nail, Jr.
            Bankruptcy Judge

cc: adversary file (docket original in adversary only; serve copies on parties in interest)


NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota